**In re George Wayne OWENS and Shirley Lyvonne Owens, Debtors.**

**John A. CIMINO, Trustee, Plaintiff–Appellee,**

v.

**George Wayne OWENS and Shirley Lyvonne Owens, Defendants– Appellants.**

No. 91–K–173.

Bankruptcy No. 89 B 15222 A.

United States District Court, D. Colorado.

May 1, 1992.

H. Christopher Clark, Denver, Colo., for defendants-appellants.

John A. Cimino, pro se.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This case is before me on appeal from the bankruptcy court's granting of a default judgment against the Owens ("debt-

ors"). The court below granted a default when the debtors failed to amend their answer to make it more specific and less a general denial. I reverse the bankruptcy court's decision as an abuse of discretion.

## I. *Facts*

Pursuant to a notice of creditors, the creditors in the underlying bankruptcy were given until February 13, 1990 within which to file an objection to discharge. On February 13, 1990, John Cimino, the interim trustee, ("trustee") sought an extension of time of one month within which to object to discharge. On March 8, 1990, the bankruptcy court granted the debtors discharge. On March 13, 1990, the court gave the trustee until March 13, 1990 within which to object to discharge. The interim trustee filed an adversary complaint on March 14, 1990. He objected to the discharge of the debtors under 11 U.S.C. § 727(a)(2)(A), claiming that they had failed to disclose certain profits from a development called Admiral's Cove Complex on their petition and schedules. The complaint's six paragraphs of allegations fit onto one page.

Debtors filed an untimely pro se answer on April 23, 1990. It was one court day late. The pro se answer states: "1. Defendants are the debtors in this Chapter 7 case. 2. Defendants deny everything." It crossed paths, at least in the clerk's office, with the trustee's motion for entry of default, filed on the same date. Notwithstanding the pro se answer, the bankruptcy court entered a default judgment against the debtors and denied their discharge.

On May 11, 1990, the debtors, now with counsel, moved to vacate the order of default claiming excusable neglect and confusion over their former lawyer's motion to withdraw. They pointed out, inter alia, that the trustee's complaint was itself untimely filed and claimed they had valid defenses to the adversary complaint, "including the Trustee's failure to timely file this complaint and the res judicata effect of the Discharge granted on March 8, 1990."

The bankruptcy court heard argument on the motion to vacate on July 3, 1990. It granted the motion to vacate. Its written order of July 24, 1990 concludes: "this matter will be set for trial by the Court at a later date." During argument on the motion to vacate the following colloquy took place:

MR. CLARK: Your honor, with the court's permission, I'd like to file an amended answer on behalf of the debtors, and maybe even serve a copy on the trustee.[1]

THE COURT: Well, you might do that to him. Anything else, Mr. Cimino?

MR. CIMINO: Well, we are not entering an order permitting the amended answer. We're allowing the motion to be filed. You're not granting a motion to amend right now.

THE COURT: No, I'm not.

MR. CIMINO: Sure.

THE COURT: No. All I'm doing today is vacating the entry of default judgment.

MR. CIMINO: Right. But Mr. Clark asked for permission to file an amended answer. You're not permitting him to file an amended answer.

THE COURT: No. File your motion for amended answer and your amended answer, and it will be taken up in the ordinary course. And get your response in, if you can, promptly if you are going to oppose it.

MR. CIMINO: I will.

The debtors did not file a motion to amend or an amended answer.

The trustee filed a renewed motion for entry of default and default judgment on October 15, 1990. He alleged that debtors had failed to file an amended answer after being directed to do so at the July 3, 1990 hearing. Debtors responded on November 29, 1990 that a default could not enter because the debtors had previously answered the complaint and were not in default. On December 20, 1990 the bankruptcy

---

1. This last is a reference to the fact that the debtors did not serve a copy of their pro se answer on the trustee.

court granted the renewed motion for default. Its order states, in pertinent part:

At a hearing held July 3, 1990, the Court expressly and specifically granted to the Defendants an opportunity to file an amended answer and a motion for amended answer in order to cure the inadequate and legally insufficient original answer filed by the Defendants, *pro se,* in which they generally deny everything.

The court went on to find the answer "cryptic, inadequate and unresponsive to the allegations of the Complaint," and thus legally insufficient. Upon motion for reconsideration the bankruptcy court further found that either the debtors or their counsel "have refused, neglected or otherwise failed to take advantage of specific opportunities to properly plead and proceed in this matter ... and that unwarranted delay, inappropriate procedures and unnecessary litigation gymnastics can warrant entry of default." This appeal followed.

## II. *Discussion*

■■■ I review the bankruptcy court's entry of default judgment under an abuse of discretion standard. *Samuel v. Edd,* No. 91–6184, slip op. at 3 (10th Cir. Apr. 24, 1992) [961 F.2d 220 (Table)]. Fed.R.Civ.P. 8(b) provides:

A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.... Denials shall fairly meet the substance of the averments denied.... [W]hen the pleader [intends] to controvert all [the complaint's] averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

The rule requires defendants to admit or deny specifically a complaint's allegations to "apprise the opponent of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1261 at 383 (1990). Rule 8 is applicable in an adversary bankruptcy proceeding by virtue of Bankr.R. 7008.

On its face, the rule prohibits a general denial unless the pleader intends to deny all the complaint's allegations, including those of jurisdiction. The rule, however, is also subject to the strictures of rule 8(f), which requires one to construe pleadings so as to do substantial justice and to "the basic philosophy of the federal rules that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1217 at 169 (1990) (discussing rule 8(e)(1)). The rule is also subject to the rule the Court announced in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There, the court made it clear that pleadings by a pro se litigant should be held to a less stringent standard than "formal pleadings drafted by lawyers...." 404 U.S. at 520, 92 S.Ct. at 596. As the tenth circuit recently put it:

We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

■■■ Under these circumstances, it would be manifestly unfair and a denial of substantial justice to uphold the default judgment. The complaint itself, in paragraph 5, has only one substantive factual allegation, that defendants were involved in an project titled Admiral's Cove Complex and failed to disclose the profits from the project on their petition and schedules. The other five paragraphs allege the appointment and qualification of the trustee, that the matter is a core proceeding, that the defendants are the debtors in the underlying Chapter 7 case, that plaintiff objects to the defendants' discharge, and that discharge should be denied under 11 U.S.C. 727(a)(2)(A).

Nothing in the court's statements of July 3, 1990 *required* the debtors to file an amended answer. Debtor's counsel suggested he would like to amend the pro se answer to plead, as affirmative defenses, that the debtors had been granted a discharge and that the complaint was untimely filed. The court, in response, intimated that it would not look favorably upon such defenses in light of the relative equities of the case, but invited the debtors nonetheless to move to amend their answer. Tr. 10, 11. The debtors' failure to amend their answer to add those affirmative defenses can hardly be said to have delayed the proceedings under these circumstances. In truth, by abandoning the defenses of res judicata and the untimeliness of the complaint, the court was probably spared additional briefs and argument.

Neither the trustee nor the court objected in any fashion to the form of the pro se answer. The court noted that the answer was "pretty succinct," Tr. 8, but never suggested that the denial was so general in nature that it made it impossible for the court to understand what would be at issue. Nor does the trustee now argue on appeal that the general denial made it impossible or unduly burdensome for him to understand what issues would be raised in the adversary proceeding.

Finally, I note that the bankruptcy court's order vacating the default judgment states that the matter "will be set for trial by the Court at a later date." Certainly debtors should have been able to rely upon the order the trustee, himself, prepared in not filing an amended answer. In the interim, the parties were presumably free to engage in discovery and deposition to determine the precise factual areas of difference. To the extent that the trustee thought the answer was filed in bad faith because it denied the court's jurisdiction and the trustee's authority, the trustee was free to seek and the court to impose sanctions against the debtors under Fed. R.Civ.P. 11. Such a sanction could include striking the answer for failure to comply with rule 8 or imposition of costs and attorney fees for the trustee's time and inconvenience. Absent such a showing, however, it was an abuse of discretion to enter a default judgment against the debtors. To call the answer cryptic, inadequate and unresponsive is to elevate form over substance. I accordingly reverse the default judgment the bankruptcy court granted against the debtors.

IT IS ORDERED that the default judgment is reversed.