952 F.2d 1396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES FIRE INSURANCE COMPANY; Urban Service
Systems, Incorporated, Plaintiffs-Appellees,
v.
James H. HARRIS, Defendant-Appellant.
 No. 91-2081.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1991.
Decided Jan. 21, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CA-90-1411-A, Claude M. Hilton, District Judge.
 John K. Lally, Springfield, Va., for appellant.
 Donald C. Weinberg, Jonathan S. Rochkind, Montedonico, Hamilton, Altman & Nash, P.C., Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James H. Harris appeals the district court's order affirming the bankruptcy court's finding that a certain debt was non-dischargeable under 11 U.S.C. § 523(a)(4) (1988), which renders non-dischargeable debts incurred through larceny. We affirm.
 
 
 2
 Harris pled guilty in June 1986 to one count of receiving stolen property in violation of Va.Code Ann. § 18.2-108 (Michie 1988). Under § 18.2-108, knowing receipt of stolen property is deemed larceny. The property was a truck owned by Urban Service Systems, Inc. (Urban Service) and insured by the Plaintiff-Appellee, United States Fire Insurance Company (United States Fire). United States Fire paid Urban Service's claim for the full value of the truck ($17,494.10) pursuant to the insurance policy in effect. United States Fire then, as subrogee to the rights of Urban Service, filed suit in Virginia state court to collect from Harris the money paid to Urban Service. The outcome of this suit is not disclosed in the record.
 
 
 3
 In May 1988, Harris filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code, which was converted to a Chapter 7 (liquidation) proceeding in March 1989. United States Fire instituted this action seeking an order from the bankruptcy court declaring the debt to be non-dischargeable. The bankruptcy court found that (1) under the doctrine of collateral estoppel, Harris was precluded from relitigating any issues in connection with the criminal conviction, and (2) receipt of stolen property is deemed to be larceny and therefore subject to the non-dischargeability provisions found in 11 U.S.C. § 523(a)(4). The district court affirmed. Harris appeals.
 
 
 4
 The bankruptcy court held that Harris was precluded from litigating any issues arising out of his criminal conviction under Combs v. Richardson, 838 F.2d 112 (4th Cir.1988). Combs held that a judgment debtor "may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding and that was necessary to the decision." Id. at 113. Harris argues that collateral estoppel should not apply because he pled guilty to the criminal charge rather than actually litigating the issue. Although we find this contention without merit, we question the application of collateral estoppel for a reason not advanced by Harris.
 
 
 5
 Federal courts are bound "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982); 28 U.S.C. § 1738 (1988). "The general rule in Virginia is that criminal judgments of conviction or acquittal have no preclusive effect in subsequent civil litigation." Lee v. Winston, 717 F.2d 888, 894 (4th Cir.1983), aff'd, 470 U.S. 753 (1985). It is thus questionable whether collateral estoppel fully bars relitigation of the larceny question in this bankruptcy action. Nevertheless, we find no plain error in the court's judgment.
 
 
 6
 Although the criminal conviction would not be given preclusive effect by Virginia courts, Harris's guilty plea may be admitted as evidence in a civil action based upon the same occurrence. Va.Code Ann. § 8.01-418 (Michie Supp.1991). See also Charles E. Friend, The Law of Evidence in Virginia § 266 (3d ed. 1988). Because the issue was before the bankruptcy court on a motion for summary judgment, and Harris failed to introduce any evidence to rebut the evidence of larceny established by his prior guilty plea, summary judgment was properly awarded to United States Fire.
 
 
 7
 Therefore we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.