961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda L. SAMUEL, Plaintiff-Appellee,
v.
Leonard EDD, Defendant-Appellant.
 No. 91-6184.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Leonard Edd appeals from an order of the district court affirming a bankruptcy court order which entered default judgment against Edd. We affirm.
 
 
 3
 Plaintiff Linda L. Samuel commenced this adversary proceeding in Edd's Chapter 7 bankruptcy case to determine the dischargeability of a state court award of $19,129.00 plus $5,500.00 for attorney's fees entered in divorce proceedings between Samuel and Edd. Samuel claimed the state court award was in the nature of alimony and was not dischargeable.
 
 
 4
 In response, Edd filed a motion to dismiss the complaint which the bankruptcy court denied. Edd next filed a motion for summary judgment which he failed to serve on Samuel. (At no time did Edd file an answer to the complaint.) Edd did not appear at the scheduled hearing on his motion. Samuel made an oral motion for default at that time. The bankruptcy court granted the motion and entered judgment in favor of Samuel for $19,129.00 plus $5,500.00 attorney's fees.
 
 
 5
 On the chance that Edd's motions could be construed as an appearance under Bankr.R. 7055(b)(2), Samuel gave the requisite three-day notice of the hearing on her motion. Edd again did not appear, and the bankruptcy court entered default judgment. Edd did not file a motion to reconsider in bankruptcy court but instead appealed to the district court.
 
 
 6
 While the appeal was pending, Samuel filed a post-judgment garnishment summons to Edd's employer in bankruptcy court. Edd filed a claim for exemption. The bankruptcy court denied the exemption, and Edd requested a stay of execution without posting bond. The bankruptcy court denied the stay holding that Edd had failed to meet the standards for a discretionary stay.
 
 
 7
 The district court affirmed the bankruptcy court's order. The court also denied Edd's motion for an order staying the garnishment proceedings with the proviso that if Edd were to post a supersedeas bond in the proper amount, the motion would be considered for approval.
 
 
 8
 On appeal to this court, Edd argues the district court erred when it determined that (1) the bankruptcy court properly held Samuel was entitled to default judgment, (2) Edd received proper notice prior to the entry of default, (3) the bankruptcy court had jurisdiction to enter a money judgment, and (4) Edd was not entitled to a stay of execution of the bankruptcy court's judgment pending appeal. Edd also appears to argue that Samuel could not execute in bankruptcy court on a judgment entered in state court.
 
 
 9
 We review the bankruptcy court's entry of default judgment or under an abuse of discretion standard. See Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir.1987).
 
 
 10
 The bankruptcy court entered default judgment here because Edd had (1) failed to file an answer despite being granted an extension of time in which to do so, (2) not appeared as ordered by the Court, and (3) generally failed to defend this action. See Bankruptcy Court Order of September 27, 1990. Our review of the record reveals no abuse of the district court's discretion.
 
 
 11
 Edd argues he did not receive proper notice prior to the entry of default. Pursuant to Fed.R.Civ.P. 55(b)(2) which controls here, see Bankr.R. 7055, the party against whom judgment by default is sought must "be served with written notice of the application for judgment at least 3 days prior to the hearing." Edd does not deny that he received three days' notice of the September 27th hearing. Instead, he argues that that hearing was "totally superfluous" because the court had entered default on September 21. This argument is frivolous and without merit.
 
 
 12
 Edd argues the bankruptcy court had no jurisdiction to enter a money judgment because the only issue before the court was the nondischargeability of the money judgment entered in state court. This argument is also without merit. The bankruptcy court merely entered the amount of the judgment as previously determined by the state court and requested by Samuel in this adversary proceeding.
 
 
 13
 Finally, Edd argues he was entitled to a stay of execution of the bankruptcy court's order pending appeal. Edd did not comply with the bankruptcy rules and did not post a bond or other security. See Bankr.R. 8005. This argument is without merit.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3