James H. HARRIS, Appellant,

v.

UNITED STATES FIRE INSURANCE COMPANY and Urban Service Systems, Inc., Appellees.

Civ. A. No. 93–1278.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 11, 1994.

---

**467**

John K. Lally, Springfield, VA, for appellees.

Bruce A. Levine, Fairfax, VA, for appellant.

### MEMORANDUM OPINION

CACHERIS, Chief Judge.

At issue in the instant action is whether the Bankruptcy Court has jurisdiction to render a money judgment in a dischargeability action, pursuant to 11 U.S.C. § 523. For the reasons set forth below, the Court answers the question in the affirmative.

### I

The Bankruptcy Court granted summary judgment to the plaintiffs/appellees, United States Fire Insurance Company ("USFIC") and Urban Services System, Inc. ("USS") on their complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). *See United States Fire Insurance Company and Urban Services System, Inc. v. Harris (In re Harris)*, No. 88–00888–AT, APN 89–0623–AT (September 10, 1990) (unpublished opinion). The Bankruptcy Court's ruling was affirmed on appeal. *See United States Fire Insurance Company and Urban Service Systems, Inc. v. Harris (In re Harris)*, No. 91–2081, 1992 WL 6803 (4th Cir. 1992) (unpublished opinion).

Thereafter, on May 19, 1993, the Bankruptcy Court, Judge Tice presiding, conducted a hearing on damages over the objection of defendant/appellant and entered an Order and Memorandum Opinion stating that $11,-620.47 was not discharged pursuant to its previous summary judgment ruling. *See United States Fire Insurance Company and Urban Service Systems, Inc. v. Harris (In re Harris)*, 155 B.R. 135 (Bkrtcy.E.D.Va.1993).

This amount reflected damage to a 1985 Mack truck that had been stolen from USS. Harris received the stolen vehicle, altered it, and conveyed it to his own use. As a result, Harris was indicted in the Circuit Court of Fairfax County for the felony of receiving stolen property and later plead guilty to the offense.

The Bankruptcy Court summarized the damage to the truck and repair costs as follows:

| Damage | Cost to repair |
| --- | --- |
| (1) Front assembly | $7,000 |
| (2) Rear hoist | $11,740 |
| (3) Repainting | $940 |

Of the more than $18,000 in damages, Harris was held responsible only for the damage to the rear hoist, minus a $1,060 credit, and for restoring the truck to its original color. Thus, the damages excepted from discharge totaled $11,620.47, and the Bankruptcy Court entered a money judgment in that amount in favor of USFIC and USS.

The defendant/appellant, James H. Harris ("Harris"), contends on appeal that the Bankruptcy Court lacked jurisdiction to enter the money judgment as to the amount that was not discharged by the bankruptcy.

### II

A bankruptcy court's conclusions of law are subject to *de novo* review by this Court. *In re Sublett*, 895 F.2d 1381 (11th Cir.1990); *Matter of Bonnett*, 895 F.2d 1155 (7th Cir. 1990). Findings of fact, however, are review-

able under a clearly erroneous standard. *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990).

### III

■ In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), a plurality of the Supreme Court struck down former 28 U.S.C. § 1471, holding that its sweeping grant of jurisdiction to bankruptcy courts to hear any proceedings connected with bankruptcy petitions was an unconstitutional delegation of Article III powers to non-Article III courts. This ruling resulted in the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 340 (1984)[1], that sought to correct this constitutional infirmity.

■ Pursuant to 11 U.S.C. § 523(c), the bankruptcy court has exclusive equitable jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)(2), (4) and (6). *See* 3 Lawrence P. King, Collier on Bankruptcy ¶ 523.13[9] (15th ed. 1993). Furthermore, 28 U.S.C. § 157(b)(1) grants bankruptcy judges the power to "hear and determine all cases under title 11 and all *core proceedings* arising under title 11, or arising in a case under title 11, ... and [to] enter appropriate orders and judgments...." (emphasis added). One such core proceeding is "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). Accordingly, in the instant action, the Bankruptcy Court was authorized to enter an appropriate order and judgment.

Harris, while not disputing the above law, argues that this power does not extend as far as the granting of money judgments, but only allows the bankruptcy court to make findings of facts and recommendations regarding the amount of damages. The ultimate decision as to the amount of damages, Harris argues, is vested in the appropriate

district court or state court.[2] Having considered Harris's arguments and the likely results of such an application, the Court finds the arguments unpersuasive and contrary to the interests of judicial economy.

■ It is a well-known maxim that once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy. *Porter v. Warner Holding Co.*, 328 U.S. 395, 399, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946); *Alexander v. Hillman*, 296 U.S. 222, 242, 56 S.Ct. 204, 211, 80 L.Ed. 192 (1935); *Snyder v. Devitt (In re Devitt )*, 126 B.R. 212, 215 (Bankr.D.Md.1991). Such a result prevents duplication of effort, multiplicity of suits, wasted resources, and judicial economy. Allowing bankruptcy courts to rule not only on the issue of dischargeability but to also award money judgments on the damages it determines to be nondischargeable is in complete accord with this long standing maxim.

> If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain.... This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt.

*In re Devitt,* 126 B.R. at 215.

The Court recognizes that this is a novel legal issue upon which there is some split in authority. However, the majority of the courts that have addressed the issue have concluded that bankruptcy courts may render money judgments in dischargeability cases. *See N.I.S. Corporation and Ozark*

---

1. Codified at 28 U.S.C. § 151 *et seq.*

2. Harris primarily relies upon *Scaldione v. United Virginia Bank (In re Scaldione )*, Civ. No. 88–

189–N (E.D.Va. June 9, 1988), an unpublished opinion which is not binding upon this Court.

*Life Insurance Company v. Hallahan* (*Matter of Hallahan*), 936 F.2d 1496, 1508 (7th Cir.1991); *In re Devitt*, 126 B.R. at 215; *Siemens Components, Inc. v. Choi* (*In re Choi*), 135 B.R. 649, 650–51 (Bankr.N.D.Cal. 1991); *Kinney v. Higher Education Assistance Foundation* (*Matter of Kinney*), 114 B.R. 670, 671 (Bankr.D.Neb.1990), *In re Schmid*, 54 B.R. 520, 522–23 (Bankr.E.D.Pa. 1985); *but see In re Hooper*, 112 B.R. 1009 (9th Cir.B.A.P.1990); *In re Scialdone*, Civ. No. 88–189–N (E.D.Va. June 9, 1988) (unpublished opinion).[3] Allowing the bankruptcy court to take this next logical step does not empower it with the type of sweeping powers that the Supreme Court has ruled should be reserved to Article III courts. *See Northern Pipeline Construction Company v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). It merely allows for the most efficient and economical resolution of the issue. Moreover, the bankruptcy court's ruling in such matters will continue to be subject to review by the district court.

Accordingly, the Court finds that the Bankruptcy Court does have jurisdiction to enter a money judgment in a dischargeability proceeding. Furthermore, the Court finds no evidence that the Bankruptcy Court's determination of the proper amount was clearly erroneous. Therefore, the ruling of the Bankruptcy Court is AFFIRMED.

An appropriate Order shall issue.

---

**3.** The United States Court of Appeals for the Fourth Circuit has yet to address the issue presented in the instant case.