**In re Clayton Earl FISHER and Connie Louise Fisher, Debtors.**

**CITIBANK (SOUTH DAKOTA), N.A., Plaintiff,**

v.

**Clayton Earl FISHER and Connie Louise Fisher, Defendants.**

**Bankruptcy No. 94–41380.**
**Adv. No. 94–4183.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Aug. 18, 1995.

Randall C. Johnson, Douglas, Kressler & Wuester, Fort Worth, TX, for plaintiff.

Connie Fisher, The Colony, TX, pro se debtor.

### OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration Defendants Motion to Dismiss. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### PROCEDURAL BACKGROUND

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 25, 1994.

Plaintiff filed its Complaint to Determine Dischargeability ("Complaint") on December 9, 1994. The Complaint alleges that Debtors incurred credit card charges when they had no ability or intent to repay Plaintiff. Consequently, Plaintiff seeks judgment against Debtors in the amount of $7,252.58 plus interest and costs. Plaintiff further seeks to have such judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

Defendants filed the present Motion to Dismiss asserting that this Court lacks jurisdiction to award a money judgment in this case and, alternatively, that the Complaint fails to plead facts showing that Plaintiff is entitled to a money judgment.

## *DISCUSSION*

### A. JURISDICTION

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings and may enter appropriate orders and judgments. 28 U.S.C. § 157(b)(1). Core proceedings include determinations as to the dischargeability of particular debts. 28 U.S.C. § 157(b)(2)(I).

 Moreover, pursuant to 11 U.S.C. § 523(c), the bankruptcy court has exclusive equitable jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)(2), (4) and (6). *Harris v. U.S. Fire Ins. Co.,* 162 B.R. 466, 468 (E.D.Va.1994); *In re Haga,* 131 B.R. 320, 326 (Bankr.W.D.Tex. 1991).

It is clear that this Court has jurisdiction over dischargeability proceedings. The question presented, however, is whether a money judgment is an appropriate judgment in a dischargeability proceeding under 28 U.S.C. § 157(b)(1).

The majority of courts have answered this question in the affirmative. *In re McLaren,* 3 F.3d 958, 966 (6th Cir.1993); *Matter of Hallahan,* 936 F.2d 1496, 1508 (7th Cir.1991); *Harris,* 162 B.R. at 468. If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury. This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt. *In re Devitt,* 126 B.R. 212, 215 (Bkrtcy.D.Md.1991).

Moreover, allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief. *Alexander v. Hillman,* 296 U.S. 222, 242, 56 S.Ct. 204, 211, 80 L.Ed. 192 (1935).

This Court, therefore, believes that it has jurisdiction under 28 U.S.C. § 157(b)(1) to render a money judgment in a dischargeability proceeding.

### B. FAILURE TO STATE A CLAIM

Alternatively, Debtors assert that the Complaint fails to plead facts showing that Plaintiff is entitled to a money judgment. The Complaint alleges that Debtors have incurred credit card charges totaling $7,252.58. The Complaint further alleges that Debtors incurred these charges without intent to repay them. The Court believes these allegations are sufficient. It is therefore

ORDERED that the Motion to Dismiss is hereby DENIED.