UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EARNEST E. HALL, JR.; JEAN T. HALL,
Plaintiffs-Appellees,

v.                                                                                  No. 95-1359

WALTER W. DAVENPORT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Jackson L. Kiser, Chief District Judge.
(MC-94-7-L, BK-88-1156)

Argued: December 7, 1995

Decided: January 30, 1996

Before HALL and HAMILTON, Circuit Judges, and
THORNBURG, United States District Court Judge for the Western
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Leyburn Mosby, Jr., J. LEYBURN MOSBY, JR.,
P.C., Lynchburg, Virginia, for Appellant. Stephen Alan Chaplin,
CHAPLIN, PAPA & GONET, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In November 1970, defendant Walter W. Davenport and wife purported to convey to plaintiffs by warranty deed a tract of land containing 120.7 acres. In 1987, the commissioner in chancery for Circuit Court of the County of Cumberland, Virginia, determined that the defendant was seized of only a one-half interest in the subject property at the time of conveyance. This determination was affirmed by the Circuit Court of the County of Cumberland, Virginia, in the same cause. Plaintiffs then demanded judgment for $6,250 (one-half of the purchase price) plus interest and costs.

In October 1988, before conclusion of plaintiffs' action, defendant Davenport filed a Chapter 7 voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Virginia listing plaintiffs' claim of $6,250 as disputed. On January 30, 1989, plaintiffs filed a complaint to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2)(A). In the"dischargeability" action, plaintiffs sought recovery of $6,250, plus interest, costs, and attorneys fees, as well as punitive damages for breach of fiduciary duty and fraud. On December 21, 1989, the bankruptcy judge in a memorandum opinion found the defendant acted fraudulently when he conveyed the property to the Halls. "Thus, the debt owed to them of $6,250 plus interest is nondischargeable." By Order of the same date it was, "Adjudged and Ordered that the debt of $6,250 plus interest at the legal rate from November 10, 1970 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)."

The foregoing order was filed as a judgment lien in the Circuit Court of Cumberland County, Virginia, on March 15, 1993.

In 1994, defendant filed in the Circuit Court for the County of Cumberland, Virginia, a bill to remove cloud on title to real estate and

2

for declaratory judgment striking the bankruptcy court order and declaring any resulting lien to be invalid. The bill also correctly alleged that the proceeds from a land sale by defendant in the amount of $40,000 was being held in escrow by Southern Title Insurance Company pending final determination of lien status. After a December 1, 1994, hearing on the bill, the Circuit Court judge for the County of Cumberland, Virginia, entered an order on December 31, 1994, as follows:

> [The order of the Bankruptcy Court Judge] is not a money judgment and not a lien upon any real property formerly, now or hereafter, owned by Walter W. Davenport.

> It is further ordered that this cause is stricken from the docket.

Based on the bankruptcy court order however, on December 19, 1994, the Clerk of the United States District Court for the Western District of Virginia, Lynchburg Division, had issued a garnishment summons to Southern Title Insurance Corporation, garnishee, for judgment principal in the amount of $6,250, interest in the amount of $13,544.50, and judgment costs of $120, for a total of $19,914.50.

After hearing on motion to quash garnishment filed by the defendant, the Chief Judge for the United States District Court for the Western District of Virginia, Lynchburg Division, found the bankruptcy court's order of December 21, 1989, to be a judgment for the payment of money sufficient to invoke Rule 69(a) of the Federal Rules of Civil Procedure, and ordered that the motion to quash garnishment summons be denied. From this order of February 13, 1995, the defendant appeals. For the reasons set forth below, we affirm the district court.

I.

This court will first address the plaintiffs-appellees' contention that the district court order of February 13, 1995, was not a final order from which an appeal could be taken; and therefore, that this court has no jurisdiction to consider the lower court's ruling. This contention is without merit.

3

The order of the district court entered February 13, 1995, finally disposes of all matters in controversy to be adjudicated between the parties. 28 U.S.C. § 1291; United States v. al Con Dev. Corp., 271 F.2d 901 (4th Cir. 1959). The order "disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the [judgment order of the bankruptcy court], and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." Burns v. Equitable Ass'n, 265 S.E.2d 737, 742 (Va. 1980).

On March 31, 1995, the district court did in fact enter two additional orders relating to this case. The first March 31 order was simply an order of garnishment entered by the court pursuant to its final order determining that garnishment summons was valid. The second March 31 order, agreed to by the parties, stayed execution of the garnishment order pending a decision by this court. The two orders entered by the district court on March 31, 1995, did nothing more than "superintend ministerially the execution of the [February 13, 1995] order." Id. For this court to rule that either March 31 order was the "final decision" from which the appeal should have been taken would represent a technical approach to finality and ignore the practical effect and substance of the lower court's February 13, 1995, ruling.

II.

We next address the defendant-appellant's contention that the district court was bound by the decision of the Circuit Court for the County of Cumberland, Virginia, which held that the order of the bankruptcy court judge was not a money judgment and, therefore, not enforceable against the defendant.

In support of this contention, defendant relies on 28 U.S.C. § 1738 which provides that state "judicial proceedings .. . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state. . . ." In short, defendant contends the state circuit court order is entitled to full faith and credit by the federal district court. To further support his contention that this case is controlled by the full faith and credit doctrine, defendant cites a variety of state and federal cases dealing with its

application. Suffice it to say that neither cited authority supports a state court's right to void the enforcement of the final judgment of a federal court.

In voicing his contention, defendant ignores the significance and consequences of the federal bankruptcy court order of December 21, 1989, which "Adjudged and Ordered that the debt of $6,250 plus interest at the legal rate from November 10, 1970," was due and owing to plaintiffs. As concluded by the district court, this order constituted an enforceable "judgment for the payment of money" entered by a federal court. Therefore, under Rule 69(a), the federal district court could and should enforce the judgment. The fact that the order lacked the word "judgment" and may not have complied with Virginia code provisions relating to recordation, Va. Code Ann. § 8.01-446 or § 8.01-466, did not oust a federal court's jurisdiction to enforce its own judgments. Duchek v. Jacobi, 646 F.2d 415, 418-19 (9th Cir. 1981). The fact that the bankruptcy court order had initially been docketed in Cumberland County, Virginia, and was later stricken, did not preclude the supplementary proceedings initiated by plaintiffs in federal district court in aid of execution of that order. Meridian Investing & Dev. Corp. v. Suncoast Highland Corp. , 628 F.2d 370, 372 (5th Cir. 1980); Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 101 F.R.D. 779, 782 (W.D.N.C. 1984); 12 Wright & Miller, Federal Practice and Procedure, § 3013. Nor is there reason to doubt that bankruptcy courts have the authority to enter money judgments. In re Harris, 162 B.R. 466, 468-69 (E.D. Va. 1993). The order uses the word "adjudged." Adjudge means, in the context of the order, "to pass on judicially, to decide, settle or decree . . .[the] judgment of a court of competent jurisdiction. Implies a judicial determination of a fact, and the entry of a judgment." Black's Law Dictionary 42 (6th ed. 1990). The order also names the parties, recites the amount of the obligation and refers to it as Davenport's "debt," recites the interest rate and date from which interest is due, and declares the debt to be nondischargeable. Surely to be nondischargeable, the court must have found a debt to be due and owing. All of these indicia support the lower court's ruling that a final judgment has been entered. Further help may be garnered by reference to Rule 54(a) of the Federal Rules of Civil Procedure which defines judgment as "a decree and any order from which an appeal lies." Obviously, the December 21, 1989, order

5

of the bankruptcy court could have been appealed to the district court, thus bringing the order within the rule's definition of judgment.

As observed in the opening paragraph of this opinion, the case had its genesis in the warranted transfer of title to real property 25 years ago. The title was defective and so declared by court order in 1987. Defendant's actions relating to the land transaction were found to be fraudulent by the bankruptcy court in 1989. The defendant has consistently refused to compensate plaintiffs for his wrongful act. The matter should be laid to rest. While the bankruptcy court's order could have been stated with more clarity, its intent is obvious. A money judgment was awarded plaintiffs. Therefore, the district court was correct in making that determination.

<u>AFFIRMED</u>

6