**In re Ransford Craig HECKERT, Debtor.**

**Ransford Craig HECKERT, also known as R.C. Heck Heckert, Appellant,**

v.

**Harold D. DOTSON, Appellee.**

No. Civ.A. 6:98–0242.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Nov. 9, 1998.

Thomas J. Gillooly Charleston, WV, for petitioner.

William B. Richardson, Richardson & Richardson, Parkersburg, WV, for respondent.

## MEMORANDUM OPINION AND JUDGMENT ORDER

GOODWIN, District Judge.

This appeal from the United States Bankruptcy Court for the Southern District of West Virginia presents the narrow question of whether a bankruptcy court's jurisdiction in conjunction with an adversary proceeding allows the entry of a judgment order on nondischargeable debt that has already been reduced to judgment by a state court. For reasons explained more fully below, this Court **FINDS,** to the extent that bankruptcy courts have jurisdiction to enter money judgment orders following adversary proceedings, such jurisdiction is not dependant upon the absence of an underlying state court award. Accordingly, the order of the bankruptcy court denying the defendant's motion to vacate judgment is **AFFIRMED.**

In 1983, Appellee Harold L. Dotson obtained a $7000 jury verdict against Appellant Ransford Craig Heckert in the Circuit Court of Wood County, West Virginia, on a wrongful discharge claim. Four years later, in 1987, Heckert filed a Chapter 7 bankruptcy petition. Dotson brought an adversary proceeding in the bankruptcy case, contending

that his West Virginia judgment was nondischargeable. On March 8, 1988, the bankruptcy court entered an order which 1) declared that the debt was nondischargeable and 2) entered judgment in Dotson's favor for $7000. The basis for the nondischargeability determination was found in Title 11, Section 523(a), which states that a discharge in bankruptcy does not discharge a debtor from debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a).

More than eight years after the bankruptcy court's order was entered, in November 1996, Dotson noticed Heckert's deposition and sought Heckert's financial records. That same month, Dotson obtained a bankruptcy court writ of execution against Heckert for $7000. Heckert did not respond to discovery, so Dotson filed a motion to compel.

On July 8, 1997, the bankruptcy court ordered the adversary proceeding reopened, and Heckert filed a motion to vacate the 1988 bankruptcy court judgment, pursuant to Fed. R.Civ.P 60(b), as void for lack of subject-matter jurisdiction.[1] Bankruptcy Judge Ronald G. Pearson heard argument on the motion on November 14, 1997 and denied it. Heckert now appeals from that denial, entered on December 17, 1997. He claims that the limitations imposed upon the bankruptcy court by the United States Constitution and by statute prevent it from entering a money judgment in favor of a *judgment creditor* in conjunction with an adversary proceeding. In the context of a Rule 60 motion, it is Heckert's burden to demonstrate that jurisdiction was lacking. *Bally Export Corp. v. Balicar Ltd.,* 804 F.2d 398, 401 (7th Cir. 1986); *accord Compton v. Alton S.S. Co., Inc.,* 608 F.2d 96, 102 (4th Cir.1979).

---

1. The appellant did not identify the particular subsection of Rule 60(b) upon which he based his motion to vacate the bankruptcy court's judgment order. Insofar as the appellant argued that the bankruptcy court lacked subject-matter jurisdiction, it is proper to treat the motion as arising under Rule 60(b)(4), which authorizes relief from void judgments. *See, e.g., Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96, 106 n. 19 (4th Cir.1979) (quoting *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224–25 (10th Cir.1979)); *In re Penco Corp.,* 465 F.2d 693, 694 n. 1 (4th Cir.1972).

Further, although Rule 60(b) requires all motions under that rule to be made "within a reasonable time," "this limitation does not apply to a motion under clause (4) attacking a judgment as void." *Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia,* 523 F.Supp. 1076, 1079 (D.Md.1981) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2866 (1973)); *see also V.T.A., Inc.,* 597 F.2d at 224; *Austin v. Smith,* 312 F.2d 337, 343 (D.C.Cir.1962); *Marquette Corp. v. Priester,* 234 F.Supp. 799, 802 (E.D.S.C. 1964).

It is undeniably the practice of some bankruptcy courts to enter money judgments when there exists no underlying judgment order. The practice is supported by the principles of equity and judicial economy. *See Harris v. United States Fire Ins. Co.*, 162 B.R. 466, 468–69 (E.D.Va.1994). Indeed, it appears settled that in such cases, bankruptcy courts may enter judgment on the debt in order to afford complete relief and to prevent the creditor from having to relitigate his claim in state court. *See id.; see also Hall v. Davenport*, 76 F.3d 372, 1996 WL 34674, at *2 (4th Cir.1996) ("Nor is there reason to doubt that bankruptcy courts have the authority to enter money judgments.") (citing *Harris*, 162 B.R. at 468–69).

■ Having admitted this, Heckert argues that equity and economy do not support entry of a judgment when the creditor already possesses a valid, enforceable judgment from state court. Rightly, Heckert argues that there is little need to afford any further relief and no need to relitigate the matter in state court. In such a case, Heckert claims that the bankruptcy court's sole duty is to declare the judgment nondischargeable.

Heckert first argues that the bankruptcy code and rules do not authorize the bankruptcy court to enter money judgments against debtors in the event that a debt is found nondischargeable. His argument is based entirely on *First Omni Bank v. Thrall* (*In re Thrall*), 196 B.R. 959, 963 (Bankr. D.Colo.1996), *overruled by Valencia v. Lucero*, 213 B.R. 594, 595 (D.Colo.1997).[2] It may be fairly summarized as follows:

1. Section 17(c)(3) of the former Bankruptcy Act required a bankruptcy court not only to determine the dischargeability of a debt, but also to enter judgment and to make necessary orders for its enforcement. *Id.*

2. The more recently enacted Bankruptcy Code explicitly mentions only dischargeability and not money judgments against the debtor. Even though 11 U.S.C. § 105(a) empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]," section 105 may not extend the court's power beyond the purposes and functions of the Code. *Id.* at 964.

3. Congress is presumed to have included provisions expressing its intent. Because Congress did not include an explicit authorization to enter money judgments in the new Code, it must have intended to restrict the court's power. *Id.* at 964–65.

■ Whatever may be the practice in other contexts, the United States Supreme Court has instructed that changes in bankruptcy laws are not to be casually presumed from modifications to the statute absent a clear source of congressional intent to affect the change. Courts are not to "read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure." *Cohen v. De La Cruz*, ___ U.S. ___, ___, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341 (1998) (quoting *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 563, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)).

Nonetheless, given that Heckert has conceded—and more importantly, the Fourth Circuit has concluded—that the bankruptcy court may properly enter money judgments when no underlying state court judgment exists, Heckert cannot merely create an artificial distinction and argue that the Bankruptcy Code does not authorize the entry of money judgments where no underlying state court judgment exists. Rather, Heckert must attach his claimed distinction to a differentiation in the Code. He can point to no text in the Code that allows the entry of such judgments when a state judgment does not

---

**2.** Heckert and Dotson both cited *Thrall*. Curiously, neither notified the Court that *Thrall*—an opinion from the bankruptcy court in the District of Colorado—is not followed even by the district court in that district. *Builders Steel Co. v. Heidenreich*, 216 B.R. 61, 63 & n. 3 (Bkrtcy. N.D.Okla.1998) (citing *Valencia v. Lucero*, 213

B.R. 594, 595 (D.Colo.1997)); *see also Samuel v. Edd*, 961 F.2d 220, 1992 WL 86698, at *2 (10th Cir.1992) (finding jurisdiction to exist for the entry of money judgment by bankruptcy court even where creditor's claim had already been liquidated in state court).

underlie and forbids the entry when a state judgment does underlie the finding of nondischargeability. When specifically asked in oral argument, he could not provide any differentiation, nor has he provided any in his brief. Thus, it appears that the Code is properly read more broadly that Heckert would have this Court read it.[3] Consistent with that reading, this Court finds it no less "necessary or appropriate" as a matter of *jurisdiction* to enter a money judgment when there exists an underlying money judgment than when there does not. Whether, as a matter of *practice*, the judgment should have been entered is an issue that should have been raised before the bankruptcy court or on direct appeal to this Court.[4]

Notwithstanding the above, Heckert further argues that the grant of jurisdiction to the bankruptcy courts depends upon whether the proceeding is core, non-core related, or non-core unrelated. *See* 28 U.S.C. § 157. Core proceedings either 1) invoke a substantive right provided by the Code or 2) by their nature, could arise only in the context of a bankruptcy case. Bankruptcy courts may enter appropriate orders and judgments in core proceedings.

A dischargeability proceeding is undoubtedly a core proceeding under 28 U.S.C. § 157. Although the bankruptcy judge apparently entered the money judgment in conjunction with the dischargeability proceeding, Heckert seeks to define the events occurring below as two separate proceedings: the dischargeability proceeding and the entry of a money judgment. Heckert therefore concludes that the entry of a money judgment for damages on a state claim is not a core proceeding. 28 U.S.C. § 157(b).

Heckert reads the statute too narrowly. First, as a matter of interpretation, "Congress intended that 'core proceedings' would be interpreted broadly, close to or congruent with constitutional limits. The sponsors repeatedly said that ninety-five percent of the proceedings brought would be core proceedings." *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir.1987) (Breyer, J.) (citations omitted), *quoted in In re Ben Cooper, Inc.*, 896 F.2d 1394, 1398 (2nd Cir.1990). Perhaps more importantly, however, the function of the court in entering a money judgment is too closely wrapped up with the function of the court in determining dischargeability to divide the two for purposes of jurisdiction. *In re Devitt*, 126 B.R. 212, 215 (Bankr.D.Md.1991), *quoted in Harris*, 162 B.R. at 468; *In re Fisher*, 186 B.R. 70, 71 (Bkrtcy.E.D.Tex.1995).

If the bankruptcy court did not have jurisdiction to enter a money judgment in conjunction with its finding of nondischargeability because the entry is not a core proceeding, at least the court could assert jurisdiction over the matter as a related proceeding. *See In re Johnson*, 960 F.2d 396, 403 (4th Cir.1992) ("Courts have adopted an expansive definition of what is a related proceeding."). The Fourth Circuit has determined that a proceeding is related if its "outcome ... could conceivably have any effect on the estate being administered." *See A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co.)*, 788 F.2d 994, 1002 n. 11 (4th Cir.1985) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of ac-

---

**3.** Once a bankruptcy court's jurisdiction is properly established, 11 U.S.C. § 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Likewise, 28 U.S.C. § 157(b) authorizes bankruptcy judges to "hear and determine all core proceedings arising under title 11" and to "enter appropriate orders and judgments." Heckert would have this Court read the term "appropriate" as limiting the bankruptcy court's jurisdiction. The consequence of his construction would be that whenever a bankruptcy court errs in the entry of an order, the disappointed party may simply call the order "inappropriate" and challenge it as a mat-

ter of jurisdiction. One need not look any farther than the facts of this case to see the worrisome result: the disappointed party would be able to invoke Rule 60(b) at any time—even after several years had passed—to challenge the court's order on jurisdictional grounds.

**4.** Rule 60(b) authorizes a motion at any time for relief from a final judgment if the judgment is void for lack of jurisdiction. The time period for appeals based upon other grounds is much more limited. *See* Fed.R.Bankr.Pro. 8002 (providing ten-day window for filing notice of appeal).

tion (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.")). Clearly, the entry of a money judgment in conjunction with the determination of dischargeability could have a powerful effect on the estate being administered.

The assertion of jurisdiction in non-core, related proceedings depends on whether the parties consent. 28 U.S.C. § 157(c). The Fourth Circuit has determined that consent need not be explicit. Rather, in *In re Johnson*, the Fourth Circuit held that parties to an adversary proceeding may impliedly consent to jurisdiction. *In re Johnson*, 960 F.2d at 403 ("The substantial weight of authority, indicates that a party can impliedly consent to entry of judgment by the bankruptcy court in a non-core related matter."). The appellants in that case had acquiesced to a bankruptcy court order for more than five months. The court held that they had impliedly consented to the entry of the bankruptcy court's order. Here, Heckert failed to object to the bankruptcy court's order for nearly ten years, well longer than would be necessary to convince this Court that he had consented to the entry of the order.

Despite the foregoing, Heckert argues that the basis of a bankruptcy court's jurisdiction to enter a money judgment following an adversary proceeding and the finding of nondischargeability is the "well-known maxim that once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy." *Harris*, 162 B.R. at 468. As the *Harris* court explained, "[s]uch a result prevents duplication of effort, multiplicity of suits, wasted resources, and judicial economy." *Id.*

Heckert correctly argues that the rendering of a money judgment where there already exists an underlying state court money judgment neither promotes judicial economy nor prevents duplication of effort. However, his characterization of the basis of a bankruptcy court's jurisdiction is overly limiting. While it is true that courts recognizing the authority of bankruptcy courts to

enter money judgments have in part done so based upon concerns for judicial economy that are not present here, such courts have also based jurisdiction on the fact that "once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy." *Harris*, 162 B.R. at 468. Given that "the issues of the validity or existence or amount of a claim are inextricably interwoven with the issue of dischargeability," the entry of a money judgment here was "therefore within the equitable jurisdiction of the bankruptcy court." *In re Hallahan*, 113 B.R. 975 (C.D.Ill.1990), *quoted in In re Devitt*, 126 B.R. at 216. When turning to the equity-based justification, Heckert argues only that "a bankruptcy court's equitable jurisdiction cannot be construed to extend its authority beyond the purposes and functions of the Bankruptcy Code." This Court has already found above that the purposes and functions of the Bankruptcy Code allows for the entry of money judgment. As previously explained, it will not do at this late date for Heckert merely to claim that the entry of the money judgment was unnecessary or inappropriate.

This Court recognizes that there may be certain equitable reasons to justify a bankruptcy court's decision to refuse to enter money judgment in conjunction with a dischargeability proceeding, independent of whether a state court judgment has been previously obtained. Those concerns are even more considerable when a state court judgment has already been rendered. As noted in oral argument below, the entry of a money judgment under such circumstances may effect the interest rate applicable to the amount owed and the time period within which the amount may be recovered. Even more importantly, serious concerns over the nature of federal and state relations and claims are raised by the apparent capture of the pre-existing state court judgment. Nevertheless, insofar as courts have determined that bankruptcy courts have jurisdiction to enter money judgments when a state court judgment does not underlie the debt,[5] this

---

5. It appears even that the United States Supreme

Court has assumed that jurisdiction exists for a

Court cannot find a legitimate reason to limit the bankruptcy court's jurisdiction when a state court judgment does underlie the debt.

The order of the bankruptcy court denying the defendant's motion to vacate judgment is **AFFIRMED.**

The Court **ORDERS** that this appeal be dismissed and stricken from the docket of this Court.

Further, the Court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record and any unrepresented parties.

bankruptcy court to enter a money judgment in conjunction with a nondischargeability proceeding, at least when no state court judgment underlies the debt. *See Cohen,* —— U.S. at ——, 118 S.Ct. at 1219 (upholding the bankruptcy court's entry of a money judgment for actual and trebled damages consistent with New Jersey state law).