PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: RANSFORD CRAIG HECKERT,
                    *Debtor.*

---

RANSFORD CRAIG HECKERT, a/k/a
R.C. Heck Heckert,
                    *Plaintiff-Appellant,*

v.                                              No. 98-2825

HAROLD L. DOTSON,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CA-98-242-6, BK-87-40033, AP-87-0107)

Argued: September 23, 1999

Decided: November 16, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

---

Vacated and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Judge Michael and Senior Judge
Magill joined.

---

**COUNSEL**

**ARGUED:** Thomas J. Gillooly, Charleston, West Virginia, for Appellant. William Berkley Richardson, Jr., Parkersburg, West Virginia, for Appellee.

---

**OPINION**

WIDENER, Circuit Judge:

Plaintiff, Ransford Craig Heckert, appeals the district court's order affirming the bankruptcy court's entry of a judgment order with respect to a nondischargeable debt that a state court had already reduced to judgment. Heckert filed a motion to vacate the bankruptcy court's order under Fed. R. Civ. P. 60(b)(4) based on lack of jurisdiction. The bankruptcy court denied his motion, and the district court affirmed that decision on appeal, *Heckert v. Dotson* (In re *Heckert*), 226 B.R. 558 (S.D. W. Va. 1998). We vacate the district court's judgment and leave in effect the state court judgment and the holding of the bankruptcy court that the state judgment debt was not dischargeable. We vacate and remand for proceedings consistent with this opinion.

I.

In 1983, defendant, Harold L. Dotson, obtained a jury verdict in the Circuit Court of Wood County, West Virginia for $7000 against Heckert in a suit for wrongful discharge from employment. West Virginia has a ten-year statute of limitations on the execution of judgments. W. Va. Code §§ 38-3-18, -19 (1923). Heckert filed a Chapter 7 bankruptcy petition in 1987. Dotson brought an adversary proceeding in the bankruptcy case and obtained an order on March 8, 1988 declaring that the $7000 state judgment was nondischargeable.[1] But, in the March 8, 1988 order of the bankruptcy court it also entered its own judgment in Dotson's favor for $7000 plus both accrued interest at the

---

[1]The bankruptcy court's determination that the state court judgment was not dischargeable is not an issue in this appeal.

West Virginia rate of 10% per annum until June 15, 1997, the date of filing of the petition and interest accruing "at the federal rate" commencing June 15, 1987.

Dotson made his first efforts to collect the bankruptcy court judgment in November 1996 and obtained a writ of execution on the bankruptcy court judgment in November 1996. The time allowed for executing on the West Virginia judgment under West Virginia law had expired in 1993 under W. Va. Code §§ 38-3-18. In connection with the collection attempt, the bankruptcy court reopened the 1987 adversary proceeding on July 14, 1997. Heckert then filed a motion to vacate the 1988 bankruptcy court judgment under Fed. R. Civ. P. 60(b)(4), claiming the judgment was void for lack of jurisdiction because the bankruptcy court entered a judgment on an already existing state court judgment, which was beyond the scope of the bankruptcy court's powers in the proceeding to determine dischargeability of the state court judgment. He also moved to quash the execution issued on the judgment of the bankruptcy court. The bankruptcy court denied the motions to vacate the judgment and quash the execution on December 17, 1997. Heckert appealed that decision to the District Court for the Southern District of West Virginia. The district court affirmed the bankruptcy court's determination on November 12, 1998 finding that the bankruptcy court, "to the extent that bankruptcy courts have jurisdiction to enter money judgment orders following adversary proceedings," had jurisdiction to enter a judgment in the dischargeability proceeding concerning a debt already reduced to judgment in a state court. It held that "such jurisdiction is not dependent on the absence of an underlying state court award." *Heckert*, 226 B.R. at 559. Heckert now appeals the district court's judgment.

## II.

First, we find that, contrary to Dotson's arguments, this appeal is not a collateral attack on an original determination of subject matter jurisdiction that is barred by *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940), for this case is not a collateral attack. The bankruptcy court reopened the adversary proceeding by order on July 14, 1997. This appeal flows directly from review of a motion and decision made in the reopened case, not from any collateral attack.

Dotson also appears to argue that Heckert's motion to set aside the judgment of the bankruptcy court involved in this case was time barred. Heckert filed his motion to set aside the said judgment eight years after the judgment at issue here was entered by the bankruptcy court. Heckert, however, filed the motion under Fed. R. Civ. P. 60(b)(4), which is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b). See, e.g., *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987), cert. denied, 484 U.S. 976 (1987) (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862, Rule 60 (1973)). Therefore, the judgment may be challenged under Rule 60(b)(4).

III.

Heckert argues that this judgment is void under Rule 60(b)(4) because the bankruptcy court had no authority, and thus no jurisdiction, to enter a judgment on a nondischargeable debt that a state court had already reduced to judgment. Certainly, in a proper case, bankruptcy courts have the power to issue judgments, see 28 U.S.C. § 157(b)(1), which grants authority to the bankruptcy judges to "enter appropriate orders and judgments" in title 11 cases, and see also 11 U.S.C. § 105(a), which grants power to bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Entry of such judgments has been allowed where there is an unliquidated claim that a party seeks to have determined in an adversarial dischargeability proceeding. See *Cowen v. Kennedy*, 108 F.3d 1015, 1018 (8th Cir. 1997) (allowing bankruptcy court to adjudicate issues of liability and damages in addition to determining dischargeability of debt where there was no prior state court judgement fixing liability); *Longo v. McLaren*, 3 F.3d 958, 966 (6th Cir. 1993) (same); *N.I.S. Corp. v. Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991) (same). However, when a prior state court judgment is the debt at issue, we are of opinion that the bankruptcy court, in an adversary proceeding to determine whether the debt is dischargeable, cannot issue its own judgment on the debt to replace the state court judgment previously obtained. All the bankruptcy court is called upon, or authorized to do, is to determine whether or not the state judgment is dischargeable.

First, the bankruptcy court's entry of its own money judgment to replace the state court judgment is barred by res judicata. A federal court, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a state court judgment the same preclusive effect "as the courts of such State" would give. See 28 U.S.C. § 1738.[2] The Supreme Court and our cases have made clear that a federal court must "refer to the preclusion law of the State in which the judgment was rendered." *Marese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). The policy of full faith and credit is so strong that federal courts must give prior state judgments res judicata effect even where the original case involved some exclusively federal causes. See *Matsushita Electric Industrial Co. v. Epstein*, 516 U.S. 367, 373 (1996) (applying res judicata to Delaware Chancery Court's approval of settlement releasing all state and federal claims).

Only in the most rare case, however, may federal courts refuse to give full faith and credit to a state court judgment, and then only if "a later statute contains an express or implied partial repeal" of § 1738. *Kremer v. Chemical Contr. Corp.*, 456 U.S. 461, 468 (1982); *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 128 (4th Cir. 2000). There is neither express nor implied partial repeal in this case worked by the bankruptcy code nor its related statutes.

Two of our recent cases are instructive in this regard. See *In re Genesys Data Technologies*, 204 F.3d 124 at 127-129 (examining application of full faith and credit to bankruptcy allowance proceedings); *In re Ansari*, 113 F.3d 17 at 19-20 (4th Cir. 1997) (applying Virginia collateral estoppel rules in bankruptcy dischargeability proceeding). In *In re Genesys*, we examined the effect of an Hawai'i state court default judgment on a later involuntary bankruptcy allowance proceeding. In accordance with the Supreme Court's *Marese* decision, we examined whether the bankruptcy code contained an implied par-

---

[2] 28 U.S.C. § 1738 provides in pertinent part as follows:

> Such acts, records and judicial proceedings or copies thereof, . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law on usage in the court of such State, Territory or Possessions from which they are taken.

tial repeal of § 1738. We explained that, although certain claims of fraud otherwise barred by res judicata can be brought by claimant to defend against a claim of dischargeability, "when a bankruptcy court is considering the validity of a claim upon which debt is based, no new special bankruptcy defense is involved and so res judicata applies as it ordinarily would." 204 F.3d at 128. Thus, we held that if the Hawai'i state court would give the default judgment preclusive effect, then the federal court must give it that same effect. 204 F.3d at 130. However, there remained a question of whether the judgment was void under Hawai'i Rule of Civil Procedure 54(b) on the ground that the award may have been "different in kind from or exceed[ing] in amount that prayed for in the demand for judgment." 204 F.3d at 132 (alteration in original). As this was a question of first impression in Hawai'i, we certified the question to the Supreme Court of Hawai'i. 204 F.3d at 133. The Hawai'i court decided that the judgment would not be void under Hawai'i law, in *Meindl v. Genesys Pacific Techs. (In re Genesys Data Techs., Inc.)*, 18 P.3d 895, 897-98 (Hawai'i 2001), and accordingly, we held the judgment to be entitled to res judicata effect in the bankruptcy case through the operation of § 1738, the full faith and credit statute. See *In re Genesys Data Technologies, Inc.*, 245 F.3d 312, 314. Similarly, *In re Ansari* held a Virginia state court's entry of a default judgment to be entitled to full faith and credit. *In re Ansari*, 113 F.3d at 19-20. There, the Virginia court entered the default judgment as a discovery sanction for dilatory tactics impeding an accounting for breach of fiduciary duty. 113 F.3d at 18. We gave full faith and credit to Virginia rules of collateral estoppel to bar a judgment debtor from re-litigating issues of fiduciary capacity and defalcation. 113 F.3d at 20-22.

Although these two cases did not involve the entry of a second money judgment, we believe they are directly apposite here and we especially note both gave effect to state court judgments in bankruptcy. Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgment, whether by increasing or decreasing the award or by reversing the result. In the instant case, the bankruptcy and district courts allowed re-litigation of the underlying wrongful termination claim contrary to West Virginia preclusion rules and § 1738 by awarding a federal money judgment. Under West Virginia preclusion law, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies

based on the same cause of action." *Blake v. Charleston Area Medical Center*, 498 S.E.2d 41, 48 (W. Va. 1997) (citations omitted). In any case there first must be a claim for which a money judgment is appropriate. Here, there was no question before the bankruptcy court other than that of the dischargeability of the debt; therefore, the court could not have entered a money judgment unless it resurrected the original wrongful termination cause of action which had merged into the West Virginia judgment. There is no doubt that a West Virginia court would decline to hear the wrongful termination claim where a prior West Virginia court had rendered a valid judgment after full and fair litigation on the merits. Thus, the bankruptcy court and the district court erred by failing to give res judicata effect to the prior West Virginia judgment.

Furthermore, we do not think that it matters whether the bankruptcy court's judgment reverses the judgment of the state court or whether the bankruptcy court determines that the original judgment should be changed or diminished in some respect. In the case at hand, the bankruptcy and district courts not only changed the interest rate, they changed the initial statute of limitations on collection of the state judgment from 1993 until 1998. See 28 U.S.C. § 1962 (federal judgment acts as lien on property in state where rendered and in same manner as if rendered by court of that State) and § 1963 (giving bankruptcy court judgments same effect as district court judgment when properly registered); Fed. R. Civ. P. 69(a) (execution of federal judgment had in accordance with State law). In either circumstance, the court has not given *the same effect* to the judgment as the rendering court would have given it as required by § 1738. To hold otherwise would be to allow the bankruptcy courts, and the lower federal courts through the bankruptcy review process, to sit as adjunct courts of appeal for the state courts. Clearly, this is an untenable proposition in a dual system where each court system possesses equal dignity. For these reasons, we agree with our sister circuits and several bankruptcy courts that the amount of a state court judgment should not be altered in a bankruptcy dischargeability action. See, e.g., *Matter of Bulic*, 997 F.2d 299, 304 (7th Cir. 1993) (finding that full faith and credit required court to accept state court's determination of debt amount); *In re Comer*, 723 F.2d 737, 740 (9th Cir. 1984) (Res judicata bars bankruptcy court from determining extent of claim, not dischargeability); *Tower Oak, Inc. v. Selmonosky* (In re *Selmonosky*), 204 B.R.

820, 827 (Bankr. N.D. Ga. 1996); *Sullivan v. Clayton* (In re *Clayton*), 195 B.R. 342, 346 (Bankr. E.D. Pa. 1996) ("[W]e also believe that, generally, a bankruptcy court should not enhance any aspect of the non bankruptcy court's liquidation process, as in the case of the imposition of interest.").

In the instant case, the bankruptcy court determined that Heckert's debt should earn federal rather than state interest rates. This action, of course, had the effect of changing the amount of the debt owed by Heckert. The bankruptcy court also substituted its judgment entered in 1988 for the judgment of the state court which had been entered in 1983. By so doing, it extended the initial deadline for execution on the judgment from 1993 until 1998. See W. Va. Code §§ 38-3-18; 28 U.S.C. §§ 1962, 1963; Fed. R. Civ. P. 69(a). By their actions the bankruptcy and district courts changed both the amount and the initial effective collection deadline of the judgment owed by Heckert. Thus, those courts failed to accord the state judgment the full faith and credit required by § 1738.

The only issue in the bankruptcy court in the case at hand was whether the West Virginia judgment was dischargeable. Once the court decided that question, it had completed its duties because all the other issues sometimes left to the bankruptcy court to determine, such as the amount of, and interest on, a nondischargeable debt, had already been decided by the state court, which was binding in bankruptcy. *Gertsch v. Johnson & Johnson Finance Corp.* (In re *Gertsch*), 237 B.R. 160, 172 (B.A.P. 9th Cir. 1999).

In sum, the authority granted the bankruptcy court under 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 105(a) to enter orders, and the authority granted by 28 U.S.C. § 1334(b), 11 U.S.C. § 523(a) and Bankruptcy Rule 4007 to determine the dischargeability of a debt does not either explicitly or implicitly amend the provisions of 28 U.S.C. § 1738, which requires the courts of the United States to give full faith and credit to the judgments of state courts. By altering the amount of the judgment in this case by changing the interest rate and changing the initial effective execution date on the judgment of the state court by substituting its own judgment, the bankruptcy and district courts did exactly what § 1738 forbids. Even conceding that the bankruptcy court had the abstract authority to enter orders in a proper case, it had

no authority to enter an order in violation of § 1738, the full faith and credit statute. Its action to that extent, therefore, is void and is vacated under Rule 60(b)(4).

Accordingly, the judgment of the district court is vacated and the case is remanded to the district court for further remand to the bankruptcy court, which will enter its order, amending the orders appealed from in this case so as to leave in effect only the state judgment which was entered in 1983, but holding that same state judgment to have been nondischargeable.

*VACATED AND REMANDED WITH INSTRUCTIONS*[3]

---

[3]In view of our decision we need not address Heckert's other contentions.