UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GARCIA FINANCIAL GROUP,
INCORPORATED, a District of
Columbia corporation; JON J.
GARCIA, an individual and resident
of the District of Columbia,
            *Plaintiffs-Appellees,*

            v.

VIRGINIA ACCELERATORS
CORPORATION, a Virginia
corporation; RALPH D. GENAURIO,
individual and resident of Virginia,
            *Defendants-Appellants.*

No. 00-1556

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-98-708-A)

Argued: December 6, 2000

Decided: February 12, 2001

Before TRAXLER and KING, Circuit Judges, and
Terrence W. BOYLE, Chief United States District Judge
for the Eastern District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Timothy John McGary, E-SCRUB ENVIRONMENTAL ENTERPRISES, INC., Alexandria, Virginia, for Appellants. Todd Aaron Shein, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Virginia Accelerators Corporation ("VAC") and Ralph D. Genuario ("Genuario"), president of VAC, appeal from the district court's denial of their motion to vacate the court's judgment of November 17, 1998. The district judge refused to vacate its order despite Appellants' contention that it is void under Federal Rule of Civil Procedure 60(b)(4).

I.  *Factual Background and Procedural History*

On August 19, 1996, VAC entered into an underwriting contract with Garcia Financial Group ("GFG"), in which GFG agreed to provide underwriting services to VAC in connection with a proposed public offering of VAC stock. As part of the compensation package outlined in the underwriting agreement, VAC was to issue a number stock warrants to GFG, in the amount of 10% of the proceeds of the public offering.

VAC completed the public offering by February 28, 1998. Thereafter, VAC allegedly failed to compensate GFG for its services as required under the underwriting contract. At the same time, VAC allegedly breached a bridge loan agreement, which had been entered into by the two parties prior to the close of the public offering. On May 19, 1998, Appellees filed a claim in federal district court, inter

alia, claiming breach of the underwriting contract and seeking repayment of the bridge loan.

On or around September 9, 1998, the parties settled their dispute by entering into a settlement agreement. Pursuant to that agreement, VAC agreed to pay GFG a certain sum of money and to issue GFG 20,000 shares of VAC stock. Also under the settlement agreement, VAC endorsed a consent judgment that was to be presented to and entered by the district court in the event that VAC breached its obligations under the settlement agreement. Thereafter, upon VAC's breach of the settlement agreement and in accordance with the terms thereof, GFG presented the consent judgment to the district court and the court entered the consent judgment on November 17, 1998.

Appellants allege that, subsequent to the district court's entry of the consent judgment, they became aware that the original underwriting contract was in violation of the Rules of the National Association of Securities Dealers ("NASD") and applicable state laws. In April 2000, after discovering the alleged illegalities, Appellants filed a motion to vacate the consent judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) or, in the alternative, Rule 60(b)(5). Appellants claimed that the underwriting contract was illegal and void and that the consent judgment resulting therefrom was void and should be vacated. The district court denied Appellants' motion to vacate the judgment. VAC and Genuario timely appeal from the April 28, 2000 order of the district court.

## II.   *Legal Framework*

Appellants claim that they are entitled to Rule 60(b)(4) relief from the consent judgment.[1] They argue that the consent judgment is based

---

[1]Before the district court, Appellants also claimed relief under Rule 60(b)(5). However, their arguments on appeal go to the issue of whether the judgment should have been vacated because it is "void" under Rule 60(b)(4). Therefore, this Court addresses only the denial of the motion made under Rule 60(b)(4). As a side note, in reviewing a denial of a Rule 60(b)(5) motion, the standard of review is whether the district court abused its discretion. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997). It is clear, in this case, that the district court did not

upon an illegal underwriting contract and is therefore void and unenforceable by the district court.

We typically review a denial of a motion to vacate a judgment under Rule 60(b)(4) for an abuse of discretion. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997). But where, as here, the motion to vacate is based on a void judgment under Rule 60(b)(4), our review is de novo. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 107 (4th Cir. 1979) (stating that motions "under 60(b) on any ground other than that the judgment is void" are reviewed for abuse of discretion); *see also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

Under Rule 60(b)(4), a district court may relieve a party from a final judgment or order that is void. *See* Fed. R. Civ. P. 60(b)(4). Unlike a Rule 60(b)(1) motion, which must be brought within one year, or all other Rule 60(b) motions, which must be brought within a "reasonable time," a Rule 60(b)(4) motion may be brought to set aside a void judgment at any time. *See Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) ("'There is no time limit on an attack on a judgment as void . . . even the requirement that the motion be made within a "reasonable time," which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion.'"); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994) (citing cases adopting this rule). Moreover, a movant claiming relief under Rule 60(b)(4) need not establish a meritorious defense. *See Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 280 (5th Cir. 1987).

To promote finality and to discourage circumvention of the appellate process by way of the rule, relief under Rule 60(b)(4) remains an extraordinary remedy. The concept of a "void" judgment has been

---

abuse its discretion in denying the Rule 60(b)(5) motion. The motion was filed a year and a half after the entry of the original judgment, which may be held to violate the "reasonable" time limitation placed upon Rule 60(b)(5) motions. *See* Fed. R. Civ. P. 60(b)(5). Therefore, even if Appellants had appealed this aspect of the lower decision, the district court's denial of the Rule 60(b)(5) motion would have been upheld.

narrowly construed by the courts. Therefore, "[a] judgment is not void merely because it is or may be erroneous." *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 242 (4th Cir. 1980). Instead, a judgment may be vacated for voidness under Rule 60(b)(4) only if the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law. *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999); *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992).

### III.  *Analysis*

Appellants argue that the underwriting contract violated applicable state and federal laws and that it is therefore void *ab initio* and unenforceable by the district court. To support the illegality of the underwriting contract, Appellants allege, *inter alia*, that the "strike price" assigned to the warrants issued thereunder was too low relative to that offered to the public, thus violating Rule 2710(c)(6)(B)(viii) of the NASD and applicable state law. Appellants also claim that the underwriting agreement violates NASD Rule 2710(c)(6)(B)(vi), which limits the length of time for which an underwriter may retain a right of first refusal to underwrite a secondary public offering of a company. Finally, Appellants claim that GFG was not an authorized securities broker/dealer in the Commonwealth of Virginia at the time of the public offering, causing GFG to violate Section 13.1-504 of the Virginia Code and the laws of certain other states in which GFG was allegedly unregistered at the time of the offering.

Without deciding the merits of these allegations, we find that the Appellants fail to establish that the consent judgment is void under Rule 60(b)(4).[2] As discussed above, in order to demonstrate that a judgment is void, Appellants must show that the district court either lacked subject matter jurisdiction, jurisdiction over the parties, or that it violated due process in rendering its decision. *See Eberhardt v.*

---

[2]While the legality of the underwriting contract need not be determined to dispose of the legal issue on appeal, we do note that the record is undeveloped in this regard. In particular, the district court found that "[t]he record has not been sufficiently developed to determine the . . . fact[ ]" of the alleged failure of GFG to register as a securities broker/dealer in the various states.

*Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). In this case, it is uncontested that the district court had both subject matter jurisdiction and jurisdiction over the parties. The original action concerned an amount greater than $75,000 in controversy and involved opposing parties of diverse citizenship. Moreover, the parties to the action were served with process and were properly under the jurisdiction of the district court. Finally, the judgment was clearly rendered in accordance with due process, as it was entered upon *joint motion* of the parties and pursuant to a settlement agreement signed by *both parties*.

At most, Appellants demonstrate that the underwriting agreement underlying the litigation and leading to the settlement agreement was flawed. More accurately, Appellants demonstrate that the settlement agreement reflected their poor calculation of a potential defense. In any case, Appellants' attempt to set aside the consent judgment on the basis of an allegedly illegal underwriting agreement eschews the requirement that the district court's judgment be a "complete nullity and without legal effect." *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d at 241 (4th Cir. 1980). Because the consent judgment in this case was rendered, in accordance with due process, by a district court with subject matter jurisdiction and jurisdiction over the parties, Appellants' Rule 60(b)(4) motion was properly denied.[3]

## IV.   *Conclusion*

For the foregoing reasons, we conclude that the district court's November 17, 1998 judgment is not void. Accordingly, we affirm the district court's denial of Appellants' Rule 60(b)(4) motion.

*AFFIRMED*

---

[3]We note that the district court may have denied Appellants' Rule 60(b)(4) motion on the wrong basis. It appears that the court imposed a requirement on Appellees' motion that it be filed "within a reasonable time." As discussed infra, there is no time limitation to be applied to a Rule 60(b)(4) motion, because a judgment that is "void" may be attacked at any time. *See Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998). Appellants' Rule 60(b)(4) motion was properly denied, nonetheless, because the district court's consent judgment was not "void."